1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ALFREDO CARRILLO-LOZANO, | No. CV-07-1861-PHX-GMS |
| Petitioner, | **ORDER** |
| vs. | |
| BRUNO STOLC, et al., | |
| Respondents. | |

Pending before the Court are Petitioner Alfredo Carrillo-Lozano's Petition for Writ of Habeas Corpus (Dkt. # 1) and the government's Motion to Dismiss the Petition. (Dkt. # 22).[1] On August 20, 2009, Magistrate Judge David K. Duncan issued a Report and Recommendation ("R & R") in which he recommended that the Court deny the Petition as moot. (Dkt. # 38.) On September 30, 2009, Petitioner filed Objections to the R & R. (Dkt. # 44.) As further explained in this Order, the Court accepts the R & R and dismisses the Petition.

**BACKGROUND**

Petitioner was born in 1953 to a United States citizen in Mexico. Petitioner's mother was born in the United States and then emigrated to Mexico when she was eleven. In

---

[1] Petitioner has filed several other motions throughout these habeas proceedings. (*See* Dkt. ## 27, 35, 45, 50.) As discussed below, these motions are also denied.

Mexico, she met Petitioner's father, and together they conceived three children. It is unclear, however, whether Petitioner's parents were married when he was born, as Petitioner presents evidence that his Father was legally married to another woman at the time of Petitioner's birth.

Petitioner was admitted into the United States as an immigrant in 1965. (Dkt. # 7, Ex. A.) In May 2002, after a series of drug related offenses, however, an Immigration Court ordered him removed to Mexico in accordance with 8 U.S.C. § 1227(a)(2)(B)(i).[2] (Dkt. # 7, Ex. D.) After Petitioner waived appeal, he was removed from the United States. (*Id.*) Sometime after his deportation, Petitioner reentered the United States. (*Id.*, Ex. F.) On March 6, 2006, however, he was placed in removal proceedings pursuant to 8 U.S.C. § 1182(a)(9)(C)(i)(II).[3] (Dkt. # 7, Ex. G.) After another removal hearing before the Immigration Court, Petitioner was again ordered to be removed to Mexico. (*Id.* Ex. I.) On appeal to the Board of Immigration Appeals ("BIA"), Petitioner brought forth new evidence, previously unavailable to the Immigration Court, concerning his parents' marital status and its effect on his allegation of U.S. citizenship. (*Id.*, Ex. K). In light of the new evidence, the BIA remanded Petitioner's claim to the Immigration Court. (*Id.*) But, even considering the new evidence, the Immigration Court determined that Petitioner was a Mexican citizen and ordered him removed for illegally reentering the United States. (*Id.*) On September 19, 2007, the BIA affirmed the Immigration Court's decision, and Petitioner's order of removal became final and appealable to the Ninth Circuit Court of Appeals pursuant to 8 U.S.C. § 1252(b). (*Id.*, Ex. M.)

---

[2] This specific provision provides, "Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable." 8 U.S.C. § 1227(a)(2)(B)(i).

[3] Under 8 U.S.C. § 1182(a)(9)(C)(i)(II), an alien who "has been ordered removed" under provision of law and, "who enters or attempts to reenter the United States without being admitted is inadmissible."

Once the BIA affirmed the Immigration Court's decision, Petitioner brought two separate appeals in the Ninth Circuit. (Dkt. # 7, Ex. N–Q.) After the Ninth Circuit consolidated these appeals into a single petition for review of Petitioner's final order of removal, the court transferred Petitioner's action to the United States District Court for the District of Arizona for a *de novo* determination of Petitioner's citizenship claim. That determination is currently pending before the Honorable Neil V. Wake.

In addition to appealing the BIA's removal order to the Ninth Circuit, Petitioner also sought collateral relief through the instant Petition for Writ of Habeas Corpus. Here, Petitioner asserts that his current detention by the U.S. Office of Immigrations and Customs Enforcement ("ICE") violates his due process rights. (Dkt. # 1.) Specifically, he seeks release from custody on the basis that he is a United States citizen rather than an alien. (*See id.*) His Petition also asserts that given the duration of his detention by ICE, he is entitled to a bond hearing in which the government bears the burden of establishing that Petitioner's continued detention is necessary. (*See id.*)

## STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [R & R] to which objection is made.").

## DISCUSSION

In his Objections to the Magistrate Judge's R & R, Petitioner contends "that from the very first sentence and paragraph of the R & R, the Honorable Magistrate Judge shows great misapprehension about the nature and substance of Petitioner's substantial claims for relief

as a matter of law and right." (Dkt. # 44 at 2.) Relying on *Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008), Petitioner asserts that, contrary to the Magistrate Judge's determination, the Court does have habeas jurisdiction to address Petitioner's citizenship status because he is challenging his detention rather than his removal order. (*See* Dkt. # 44.) For the following reasons, the Court finds that it is without jurisdiction to consider Petitioner's citizenship claim in this habeas action.

**I. The Court is Without Habeas Jurisdiction to Review Petitioner's Citizenship Claim Since a Final Order of Removal is Pending Before the Ninth Circuit.**

Under § 1252 of the Immigration and Nationality Act (the "INA"), as amended by the REAL ID Act, 199 Stat. § 231 (2005), the exclusive method for obtaining judicial review of a "a final order of removal" is through filing a petition for review in the United States Court of Appeals. 8 U.S.C. §§ 1252(a)(2), 1252(a)(5), 1252(b)(9). As 8 U.S.C. § 1252(b) specifically explains,

> With respect to review of an order of removal [and nationality claim,] . . . the following requirements apply:
>
> \*\*\*
>
> If the petitioner claims to be a national of the of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.
>
> \*\*\*
>
> If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.
>
> \*\*\*
>
> The petitioner may have such nationality claim decided only as provided in this paragraph.

8 U.S.C. § 1252(b)(5). Accordingly, in *Iasu v. Smith*, 511 F.3d 881, 889 (9th Cir. 2007), the Ninth Circuit determined that a challenge to removal orders, based on a claim to citizenship,

must be presented in a petition for review of a removal order, rather than through a petition for writ of habeas corpus.

The Ninth Circuit subsequently distinguished *Iasu*, holding that the REAL ID Act does not strip habeas jurisdiction from a federal district court when a petitioner "does not "challenge any final order of removal," but merely "challenges his detention *prior to* the issuance of any such order." *Flores-Torres*, 548 F.3d at 711 (emphasis added). In *Flores-Torres*, a petitioner argued that his detention under 8 U.S.C. § 1226(c) was unconstitutional because he was a citizen of the United States. *Id.* (citing Non-Detention Act, 18 U.S.C. § 4001).[4] Because the petitioner's removal proceedings in *Flores-Torres* were still pending before the Immigration Court and the BIA, the Ninth Circuit held that the habeas petition was permitted under the REAL ID Act. *Id.* The Ninth Circuit specifically emphasized that "'the jurisdiction-stripping provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that *do not involve* final orders of removal.'" *Id.* at 711 (citing *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2005)). In so holding, the Ninth Circuit recognized the danger of potentially allowing a United States citizen to be indefinitely detained while awaiting adjudication of his citizenship claim before an executive administrative agency. *Id.* Accordingly, the Ninth Circuit observed that "Congress has never enacted a statute that would deprive a citizen of his right to a judicial determination of the legality of his detention simply because his case is pending before an administrative agency." 548 F.3d 708, 712 n. 6.

The facts of the instant case present a situation similar to *Flores-Torres*, but with one significant distinction. While the petitioner in *Flores-Torres* filed his petition for a writ of habeas corpus *prior to* the issuance of a final order of removal, the Petitioner in this case filed his Petition *after* the BIA issued the final, appealable, removal order. Because the immigration tribunals have already issued a final removal order, the Court cannot rule on

---

[4]The Non-Detention Act provides that "no citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress." 18 U.S.C. § 4001.

Petitioner's challenge to his detention on the basis of his nationality without directly implicating the final order of removal. *C.f. Iasu*, 511 F.3d at 889. Once the immigration tribunals issue a final order of removal, exclusive jurisdiction to review that order vests in the Courts of Appeals. 8 U.S.C. 1252(b)(9). If this Court now reaches the question of Petitioner's nationality on habeas review, while that very question is currently pending before the Ninth Circuit and has been remanded to a different division of this District pursuant to the INA, then the District Court would infringe upon the Court of Appeals' exclusive jurisdiction to consider a petitioner's challenge to a final order of removal. *See id.*; *see also Iasu*, 511 F.3d at 887 ("Congress' clear intent [in passing the REAL ID Act] was to have all challenges to removal orders heard in a single forum (the courts of appeals).") (internal alterations and quotation omitted).

This case does not present the situation where a prisoner is forced to wait some prolonged period before his administrative case is adjudicated. *See Boumediene v. Bush*, 128 S.Ct. 2229, 2269 (2008) (holding that "the need for collateral review is most pressing" and "the need for habeas corpus is more urgent" when "a person is detained" without receiving a fair opportunity to adjudicate his or her claims). In issuing the order of removal, the administrative tribunals specifically addressed Petitioner's citizenship claim, held that he was not a citizen, and determined that he should be deported to Mexico for returning to the United States without authorization—i.e. the immigration tribunals have determined that Petitioner committed the offense for which he is being detained. And, unlike the petitioner in *Flores-Torres*, who would have been forced to wait until a final order of removal was issued to raise his citizenship claim in federal court, Petitioner in this case will not have to await "the conclusion of any administrative proceeding before receiving a judicial determination as to whether he is a citizen and as to whether his detention by ICE is lawful." 548 F.3d at 71. Here, Petitioner will receive a "prompt" judicial determination of his citizenship claim through the Ninth Circuit's review of his final order of removal.

Accordingly, whereas the administrative tribunals have issued their final ruling on Petitioner's citizenship claim and have ordered him removed, it cannot be said that the instant

challenge to Petitioner's detention on the basis of nationality "does not . . . involve a final order of removal." *See Nadarajah*, 443 F.3d at 1075. To read *Flores-Torres* more broadly than this would eviscerate any practical application of the REAL ID Act's exclusive jurisdiction provisions with respect to final orders of removal.[5]

**II. Petitioner's Procedural Due Process Challenge to His Detention is Moot.**

While the Court holds that it is without habeas jurisdiction to review a petitioner's citizenship claim when a final order of removal has been issued, the Court can address challenges to detention on grounds that do not implicate the order of removal. *See Flores-Torres*, 548 F.3d at 710. Here, Petitioner asserts that his procedural due process rights were violated because has been detained since March 9, 2006 without a hearing to determine the propriety of his detention. *See* 8 U.S.C. § 1226(a); *Casas-Castrillon*, 535 F.3d at 950 (holding that the government is only authorized to detain an alien who has been "subjected to a prolonged detention pending judicial review" of removal proceedings when the government provides adequate procedural protections). Accordingly, in *Casas-Castrillion*, the Ninth Circuit held that an alien who has been detained for a long period of time pending judicial review of his or her removal proceedings is entitled to a bond hearing in which the government bears the burden of establishing the petitioner's risk to the community or a flight risk. *Id.* at 951 (citing *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005)).

In this case, Petitioner admits that he has received a bond hearing before an Immigration Court, wherein Petitioner was able to present evidence that he should be released. (Dkt. ## 19–20.) The INA precludes this Court from reviewing the Immigration Court's discretionary decision to deny a petitioner's bond. *See* 8 U.S.C. § 1226(e). Because

---

[5]To the extent that the instant the Habeas Petition can be said to relate back to Petitioner's detention prior to receiving his final removal order, the Petition is now moot because a final order of removal has been issued. *C.f. Douglas v. Holder*, 2009 WL 2783009 at *1 (D. Ariz. Aug. 31, 2009) (holding that a challenge to a habeas petitioner's detention was moot since the petitioner had been removed from the United States).

Petitioner has already received this bond hearing, Judge Duncan correctly recommended that this claim be denied as moot.

**III. Petitioner's Substantive Due Process Objection is Without Merit.**

Petitioner also objects to the R & R on the basis that his detention violates his due process and equal protection rights because government officials are depriving him "of liberty on account of [his] birth abroad . . . out-of-wedlock" (Dkt. # 50 at 2). Relying on *Tuan Anh Nguyen v. INS*, 533 U.S. 53 (2001), Petitioner alleges that he is being detained based on his birth abroad to an unwed mother, which he claims is a "suspect classification subject to strict scrutiny" analysis. (Dkt. # 50 at 2–3.)

First, Petitioner did not raise this issue in his Petition, and it was not discussed in the R & R. To the extent he attempts to raise the issue for the first time in his Objections, the Court declines to consider it because this claim has not been fairly presented for adjudication. *See Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) (holding that district courts need not consider claims raised for the first time as an objection to the a magistrate judge's findings and recommendation) (citation omitted).

Yet, even if this Court was required to consider Petitioner's claim, his reliance on *Nguyen* is unfounded. In *Nguyen*, the Supreme Court did not hold that a classification based on overseas out-of-wedlock birth is a suspect classification. *See* 533 U.S. at 60–61. Instead, the Court held that a federal statute making it more difficult for a child to claim citizenship, when the child was born abroad and out of wedlock to one United States parent, did not violate the Fifth Amendment's equal protection clause. *Id.* The Court so held because the statute was related to important government objectives of ensuring reliable proof of a biological relationship between the citizen parent and the child. *See id.*

Likewise, to the extent that Petitioner is arguing that ICE cannot detain him based on his current status as an alien, he is incorrect that federal classifications based on alienage require strict scrutiny. *See United States v. Ferreira*, 275 F.3d 1020, 1025 (2001). In *Ferreira*, the Supreme Court specifically held that "[w]hile it is true that strict scrutiny applies to *state* classifications of aliens, we have held expressly that *congressional*

classifications based on alienage are subject to rational basis review." *Id.* Since ICE's authority to detain Petitioner is based on a congressional statute, rational basis review is appropriate, not strict scrutiny. Petitioner provides nothing to suggest that Congress did not have a rational basis for passing the INA.

And, even if Petitioner has presented a cognizable substantive due process or equal protection claim, nothing in the record supports Petitioner's claim. Petitioner is not being detained based on his alleged out-of-wedlock birth in Mexico. He has been detained because he reentered the United States without authorization in violation of 8 U.S.C. § 1182(a)(9)(C)(i)(II). As the Immigration Court recently determined in the bond hearing, Petitioner's continued detention is based on that court's determination that he is a danger to the community and a flight risk based on his prior criminal conduct. (*See* Dkt. # 22, Ex. U.) Hence, to the extent Petitioner is challenging his detention on the basis of this claim, that challenge is without merit.

**IV. Petitioner's Multiple and Duplicative Motions are Without Merit.**

Finally, the Court must address Petitioner's other Motions that are currently pending in this matter. Specifically, Petitioner has filed the following motions through the course of these habeas proceedings:

(1) Motion for Injunctive Relief (Dkt. # 27);

(2) Motion for a Temporary Restraining Order (Dkt. # 27);

(3) Motion for Summary Judgment (Dkt. #35);

(4) Motion for the Court to Take Judicial Notice of the Entire Administrative Record of Related Petition for Review in Court of Appeals Pursuant to 8 U.S.C. § 1252(c)(5) (Dkt. # 45);

(5) Motion for Enforcement As-Of-Right of Self-Executing Fundamental Rights and Privileges of U.S. Citizenship Under the Fourteenth Amendment to Be Free From Ultra Vires Custody. (Dkt. # 45); and

(6) Renewed Motions for a Preliminary Restraining Order and Mandatory Injunctive Relief. (Dkt. # 50).

These Motions repeat the same factual and legal arguments contained in the Petition for Writ of Habeas Corpus. Petitioner has also failed to explain how the Motion for Judicial

notice is somehow relevant to the resolution of *this* case. Accordingly, because the Court is without jurisdiction to hear Petitioner's citizenship claim and because his other arguments are moot or without merit, each of these motions is denied.

**CONCLUSION**

The Court is without jurisdiction to consider Petitioner's citizenship claim because doing so would implicate the final order of review now pending before the Ninth Circuit. In addition, Petitioner's procedural due process claim is now moot, and his equal protection claim is without merit.

**IT IS THEREFORE ORDERED:**

(1) Magistrate Judge David K Duncan's R & R (Dkt. # 38) is **ACCEPTED**.

(2) The government's Motion to Dismiss (Dkt. # 22) is **GRANTED**.

(3) The Petition for Writ of Habeas Corpus (Dkt. # 1) is **DENIED WITH PREJUDICE**.

(4) Petitioner's other pending motions (Dkt. ## 27, 35, 45, 50) are also **DENIED**.

(5) The Clerk of the Court is directed to **TERMINATE** this matter.

DATED this 13th day of November, 2009.

_____
G. Murray Snow
United States District Judge